IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | NO. 4:07-CV-651-A |
| | § | (N0. 4:04-CR-128-A) |
| MARVIN ISAACS | § | |

MEMORANDUM OPINION
and
ORDER

After having considered the motion filed by Marvin Isaacs ("Isaacs") under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody, the government's response thereto, and the record, the court has concluded that such motion should be denied. After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. United States v. Frady, 456 U.S. 152, 164 (1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991), cert. denied, 502 U.S. 1076 (1992). A defendant can challenge his conviction or sentence after it is presumed final only on issues of constitutional or jurisdictional magnitude, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. Shaid, 937 F.2d at 232. Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of

justice.  United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981).  In other words, a writ of habeas corpus will not be allowed to do service for an appeal.  Davis v. United States, 417 U.S. 333, 345 (1974); Sunal v. Large, 332 U.S. 174, 178 (1947).  Here, movant has not made any showing of cause.[1]

Isaacs was charged September 15, 2004, in a four-count superseding indictment with bank robbery (Counts One and Three) and possession of a firearm during and in relation to a bank robbery (Counts Two and Four).  Following a one-day jury trial on October 25, 2004, the jury convicted Isaacs on all counts.  Isaacs was sentenced on February 4, 2005, to 481 months' imprisonment and a five-year term of supervised release, and he was ordered to make full restitution.  His conviction and sentence were affirmed by the United States Court of Appeals for the Fifth Circuit on November 13, 2006.  His petition for writ of certiorari was denied by the Supreme Court on October 30, 2006.  His § 2255 motion was timely filed on October 30, 2007.

The grounds of Isaacs motion are that (1) there was no proof that Isaacs possessed a firearm while aiding and abetting a crime of violence and (2) his trial counsel was ineffective for failing to raise Bailey v. United States, 516 U.S. 137 (1995), as a defense.

---

[1] Although constitutionally ineffective assistance of counsel is "cause," McCleskey v. Zant, 499 U.S. 467, 494 (1991), as discussed infra, movant has failed to demonstrate that he received such ineffective assistance.

Isaacs's first ground already has been resolved against him on direct appeal.  He is not permitted again to raise that same ground.  United States v. Kalish, 780 F.2d 506, 508 (5th Cir. 1986); Moore v. United States, 598 F.2d 439, 441 (5th Cir. 1979).

Isaacs's claim of ineffective assistance of counsel must be rejected as well.  In order to prevail on an ineffective assistance of counsel ground, movant must show (1) that his counsel's performance fell below an objective standard of reasonableness and (2) that there is a reasonable probability that, but for his counsel's unprofessional errors, the result of the proceedings would have been different.  Strickland v. Washington, 466 U.S. 668, 687 (1984).  Both prongs of the Strickland test must be met to demonstrate ineffective assistance.  Id. at 697.  To establish the first prong, movant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance.  Id. at 689.  It is not enough to show that some, or even most, defense lawyers would have handled the case differently.  Green v. Lynaugh, 868 F.2d 176, 178 (5th Cir.), cert. denied, 493 U.S. 831 (1989).  For the second prong, movant must show that his counsel's errors were so serious as to "deprive him of a fair trial, a trial whose result is reliable." Strickland, 466 U.S. at 687.  If the movant cannot show that the ineffectiveness of counsel deprived him of a substantive or procedural right to which the law entitles him, he must show that the result of the proceeding was fundamentally unfair or

3

unreliable. <u>Williams v. Taylor</u>, 529 U.S. 362, 392-93 (2000). Here, the record is clearly adequate to fairly dispose of the claim of ineffective assistance. Hence, further inquiry is unnecessary. <u>Baldwin v. Maggio</u>, 704 F.2d 1325, 1329 (5th Cir. 1983), <u>cert. denied</u>, 467 U.S. 1220 (1984).

Isaacs's claim that his counsel did not object that the evidence was insufficient to sustain his firearm convictions is contradicted by the record. His counsel moved for judgment of acquittal on the firearm counts both at the close of evidence and at the close of the government's case. Moreover, there already has been a determination through Isaacs's direct appeal that the objection Isaacs claims his attorney should have made would have been without merit. Therefore,

The court ORDERS that Isaacs's motion be, and is hereby, denied.

SIGNED December 3, 2007.

    /s/ John McBryde
JOHN McBRYDE
United States District Judge